UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X
Love A. Brooks,

                Petitioner,          CV 06-1728 (CPS)

      - against -          MEMORANDUM
                            OPINION AND ORDER

United States of America,

                Respondent.
-----------------------------------------X

SIFTON, Senior Judge.

On December 19, 1996, petitioner *pro se* Love Brooks was sentenced to two concurrent life sentences plus an additional fifty years in prison. Petitioner was convicted, after a fourteen week jury trial, on seven counts of a multi-count indictment charging him with arson in violation of 18 U.S.C. § 884(I)(count 30), using and carrying a destructive device in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1) (count 31), conspiracy to murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5)(counts 32 and 33), murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1)(count 34), using and carrying a firearm in relation to crimes of violence in violation of 18 U.S.C. § 924(c)(1)(count 35), and conspiracy to distribute and possess with intent to distribute cocaine base and heroin in violation of 21 U.S.C. § 846 (count 44). Now before this Court is an application filed by petitioner entitled "motion to vacate or set aside sentence or arrest judgment." For the reasons set forth below, petitioner's

application is dismissed without prejudice.

## Background

Following petitioner's conviction and direct appeal of his conviction, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, which was considered and denied by this Court on December 31, 2002. This Court's judgment was affirmed by the Court of Appeals in a summary order dated October 29, 2003. Petitioner then filed another application, pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, seeking (1) to correct a clerical mistake relating to the certificate of appealability ("COA") issued with respect to his earlier habeas petition; and (2) for reconsideration of this Court's December 2002 denial of his § 2255 petition. That petition was denied by this Court on August 26, 2005.[1]

In petitioner's present application, he does not specify a statute or rule pursuant to which he seeks relief. In his submissions petitioner makes several challenges to his conviction, including: (Claim I) that the device used by petitioner was not a "destructive device" as defined by 18 U.S.C. § 921; (Claim II) that the government failed to prove at trial that petitioner conspired to murder or that he aided and abetted

---

[1] Petitioner has appealed that decision and the Court of Appeals has not yet ruled on the appeal.

a murder; (Claim III) that the government failed to prove at
trial that he received money from a racketeering enterprise as
required by 18 U.S.C. § 1959; (Claim IV) that the government
failed to prove at trial that petitioner conspired to possess and
distribute narcotics; (Claim V) that the indictment was
"defective" since it was unsigned; (Claim VI) that the trial
judge violated petitioner's right to confront witnesses and right
to a trial by jury when he denied petitioner the opportunity to
confront the author of his pre-sentence report; (Claim VII) that
the government improperly prosecuted plaintiff on charges of
aiding in racketeering without also charging him with the
substantive charge of racketeering; and (Claim VIII) that the
Second Circuit's 2003 affirmance of this Court's 2002 decision
was in error and that the Clerk's Office of this Court mistakenly
returned petitioner's January 2003 application for a COA to him,
rather than transferring it to the Second Circuit, denying
petitioner access to the courts.


**Discussion**

*I. Claims Relating to the Integrity of Conviction and Sentence*

As I have previously stated in response to previous
petitions filed by petitioner, motions relating to the integrity
of the conviction or sentence in federal court are ordinarily
brought pursuant to 28 U.S.C. § 2255. *Brooks v. U.S.,* 2005 WL

2076565, at *5 (E.D.N.Y. 2005).  As explained in *Melton v. U.S.,*
359 F.3d 855, 857 (7th Cir. 2004), "no matter what title the
prisoner plasters on the [application's] cover...[i]t is the
substance that controls" and a petitioner cannot avoid the
requirements of § 2255 by "inventive captioning."  Here, the
substance of petitioner's applications regarding Claims I through
VII clearly question the integrity of his conviction and, as
such, are within the scope of § 2255.  However, as the government
notes, the Second Circuit has restricted the power of district
courts "to *sua sponte* convert post-conviction motions . . .
without first giving the petitioner notice and an opportunity to
decline the conversion or withdraw the motion." *Simon v. U.S.,*
359 F.3d 139, 140 (2d Cir. 2004); *see also Adams v. United
States,* 155 F.3d 582 (2d Cir.1998); *Gitten v. United States,* 311
F.3d 529 (2d Cir. 2002).  In light of these decisions, the Court
declines to *sua sponte* characterize petitioner's motion as one
brought pursuant to § 2255 and petitioner's Claims I through VII
are dismissed without prejudice to their renewal.  If petitioner
wishes the Court to consider the substance of these applications,
he is directed to notify the Court in writing of the specific
rule or statute pursuant to which each of these applications is
made within sixty (60) days of the date of this decision.  Should
petitioner decide to pursue relief pursuant to 28 U.S.C. § 2255,
he should be aware that unless certain narrow exceptions apply, a

prisoner serving a federal sentence may bring only one § 2255

petition; successive § 2255 petitions must be authorized by the

appropriate court of appeals.  As discussed, petitioner has

already commenced a § 2255 petition, which this Court denied.  To

the extent that his present application is considered a second or

successive § 2255 petition, it will be transferred to the Second

Circuit Court of Appeals, which may decide not to permit him to

pursue a successive petition.


*II. Claim VIII*

The two arguments referred to by petitioner in Claim VIII

which do not relate to integrity of petitioner's conviction are

not properly before this Court.  Petitioner's claim that the

Second Circuit erred in affirming the appeal from this Court may

only be considered by the Supreme Court of the United States.  As

for petitioner's claim that the Clerk of the Court denied

petitioner his right of access to the courts, this Court has

already stated that while "the evidence suggests that the Clerk's

Office of this Court mistakenly returned Brooks' application for

a COA to him, rather than transferring it to the Second Circuit .

. . . this Court does not have jurisdiction to recall the mandate

issued by the Second Circuit on October 29, 2003.  For such

relief, Brooks must make an application to the Second Circuit

Court of Appeals." *Brooks,* 2005 WL 2076565, at *4..  Accordingly,

petitioner's applications for relief on Claim VIII are dismissed without prejudice to their renewal before the proper courts.

## Conclusion

For the reasons set forth above, petitioner's application is denied without prejudice.  The Clerk is directed to transmit a copy of the within to all parties.


        SO ORDERED.

Dated :    Brooklyn, New York
           June 4, 2007

                    By: /s/ Charles P. Sifton (electronically signed)
                                  United States District Judge