UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X

Love A. Brooks,

          Plaintiff-Petitioner,        CV-06-1728(CPS)

  - against -                  MEMORANDUM OPINION
                                  AND ORDER

United States of America,

          Defendant-Respondent.

------------------------------------X

SIFTON, Senior Judge.

      On December 19, 1996, petitioner/movant *pro se* Love Brooks ("petitioner") was sentenced to two concurrent life sentences plus an additional fifty years in prison. Petitioner was convicted, after a fourteen week jury trial, on seven counts of a multi-count indictment charging him with arson in violation of 18 U.S.C. § 884(I)(count 30), using and carrying a destructive device in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1) (count 31), conspiracy to murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5)(counts 32 and 33), murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1)(count 34), using and carrying a firearm in relation to crimes of violence in violation of 18 U.S.C. § 924(c)(1)(count 35), and conspiracy to distribute and possess with intent to distribute cocaine base and heroin in violation of 21 U.S.C. § 846 (count 44). Now before this Court is petitioner's motion for relief from judgment, pursuant to Fed. R. Civ. P. 60(b)(4), and

petition for a writ of habeas corpus, pursuant to 28 U.S.C. §
2241. For the reasons set forth below, petitioner's 60(b)(4)
motion is denied and his § 2241 petition is dismissed.

### Background

Following petitioner's conviction and direct appeal of his
conviction, petitioner filed a petition for writ of habeas corpus
pursuant to 28 U.S.C. § 2255, which was considered and denied by
this Court on December 31, 2002. This Court's decision on
petitioner's claim that his sentence violated *Apprendi v. New
Jersey*, 530 U.S. 466 (2000), the only claim for which I issued a
certificate of appealability ("COA"), was affirmed by the Court
of Appeals in a summary order dated October 29, 2003. Petitioner
then filed another application, pursuant to Rule 60(a) of the
Federal Rules of Civil Procedure, seeking (1) to correct a
clerical mistake relating to the COA issued with respect to his
earlier habeas petition; and (2) for reconsideration of this
Court's December 2002 denial of his § 2255 petition. That
petition was denied by this Court on August 26, 2005.[1]

On April 3, 2006, petitioner filed another application
entitled "motion to vacate or set aside sentence or arrest
judgment." Petitioner made several challenges to his conviction,
including: (Claim I) that the device used by petitioner was not

---

[1] Petitioner has appealed that decision and the Court of Appeals has not
yet ruled on the appeal.

a "destructive device" as defined by 18 U.S.C. § 921; (Claim II)
that the government failed to prove at trial that petitioner
conspired to murder or that he aided and abetted a murder; (Claim
III) that the government failed to prove at trial that he
received money from a racketeering enterprise as required by 18
U.S.C. § 1959; (Claim IV) that the government failed to prove at
trial that petitioner conspired to possess and distribute
narcotics; (Claim V) that the indictment was "defective" since it
was unsigned; (Claim VI) that the trial judge violated
petitioner's right to confront witnesses and right to a trial by
jury when he denied petitioner the opportunity to confront the
author of his pre-sentence report; (Claim VII) that the
government improperly prosecuted plaintiff on charges of aiding
in racketeering without also charging him with the substantive
charge of racketeering.[2]  Petitioner argues in each claim that,
as a result of the deficiency he asserts, the Court lacked
jurisdiction to prosecute and sentence petitioner.

On June 4, 2007, I dismissed petitioner's Claims I through
VII without prejudice to their renewal because petitioner did not

---

[2]  Petitioner's April 3, 2006 submission also contained an Eighth Claim
(that the Second Circuit's 2003 affirmance of this Court's 2002 decision was
in error and that the Clerk's Office of this Court mistakenly returned
petitioner's January 2003 application for a COA to him, rather than
transferring it to the Second Circuit, denying petitioner access to the
courts).  I dismissed Petitioner's Claim VIII without prejudice to renewal
before the proper court.  June 4, 2007, Mem. Op. & Order, at *6.  Thus,
Petitioner's applications for relief on Claim VIII are not before the Court.

specify a statute or rule pursuant to which he sought relief.
Following my June 4, 2007, Memorandum Opinion & Order, petitioner
submitted two filings, received on June 20, 2007 and August 6,
2007.  In his June 20, 2007 filing, petitioner requested that
this Court view his April 3, 2006 filing as requesting relief
under Rule 60(b)(4); in his August 6, 2007 submission, petitioner
requested this Court consider his April 3, 2006 filing under 28
U.S.C. § 2241 as well.

## Discussion

I now turn to petitioner's claims for relief, mindful of
movant's *pro se* status.  *See Haines v. Kerner*, 404 U.S. 519, 521
(1972) (holding a pro se complainant to a less stringent standard
than that of a lawyer).

a.  *Rule 60(b)(4)*

Rule 60(b) of the Federal Rules of Civil Procedure allows a
court to a relieve a party from final judgment. *See* Fed. R. Civ.
P. 60(b).  A motion pursuant to Rule 60(b) is "addressed to the
sound discretion of the district court and [is] generally granted
only upon a showing of exceptional circumstances." *Mendell, on
Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir.
1990). "Evidence in support of the motion to vacate a final
judgment [must] be highly convincing." *Kotlicky v. United States
Fidelity Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (internal
quotation marks omitted); *Raposo v. United States*, 2005 WL

292750, at *3 (S.D.N.Y. 2005)(the "highly convincing" evidence requirement also applies to *pro se* litigants)(citing cases).

"A true Rule 60(b) motion must be predicated on one of five narrow and specific grounds or on a sixth ground which, despite its open wording, has been narrowly cabined by the precedent of this Court." *Harris v. U.S.*, 367 F.3d 74, 80 (2d Cir. 2004). They include the following: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ...; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b); *see also Harris*, 367 F.3d at 80; *Rodriguez v. Mitchell*, 252 F.3d 191, 199 (2d Cir. 2001). Brooks relies on Rule 60(b)(4).[3]

In assessing Brooks' claims, it must be determined whether the motion is appropriately brought under Rule 60(b)(4). The Second Circuit has explained that "a motion under Rule 60(b) and a petition for habeas have different objectives." *Rodriguez,* 252 F.3d at 198. "Relief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion

---

[3] Even construing petitioner's claims liberally, the other subsections are inapplicable.

-6-

attacks the integrity of the habeas proceeding and not the underlying criminal conviction." *Harris*, 367 F.3d at 77 (citing *Rodriguez*, 252 F.3d at 198); *see also Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002). For this Court to find for petitioner, petitioner must allege that his prior habeas proceedings were deficient. *U.S. v. Smith*, 498 F. Supp.2d 517, 519 (N.D.N.Y. 2007).

If the motion relates to the integrity of the conviction (or sentence) and not the prior habeas proceeding, then the motion is, in actuality, a successive § 2255 petition and must meet the criteria set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[4] *Harris*, 367 F.3d at 77. In *Gitten*, the Second Circuit cautioned district courts "not [to] recharacterize a portion of the 60(b) motion as a second or successive collateral attack and transfer it . . . until the prisoner has been informed of the district court's intent to transfer and afforded a sufficient opportunity to avoid the transfer." 311 F.3d at 534. However, "the court always has the alternative of simply denying, as beyond the scope of Rule 60(b) . . . the portion believed to present new attacks on the conviction." *Id.*

Petitioner, in Claims I-VII, argues that the government or

---

[4] To file a second or successive § 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it. *See* 28 U.S.C. § 2255; 28 U.S.C. § 2244(b)(3)(A).

this Court lacked jurisdiction to prosecute and sentence the
defendant due to a variety of failings.  Petitioner does not
allege any deficiency with respect to the determination of his
prior habeas petition.  Petitioner claims only deficiencies with
respect to the original criminal proceedings and sentencing.
Because petitioner's claims are an attack of his underlying
criminal conviction, Rule 60(b) relief is not available to
petitioner.

Therefore, I deny petitioner's Rule 60(b)(4) motion as
beyond the scope of Rule 60(b).  *See Gitten*, 311 F.3d at 534.[5]

b.  *§ 2241 claim*[6]

Petitioner also seeks a writ of habeas corpus under 28
U.S.C. § 2241.  The Second Circuit has held that § 2241 is the
proper means to challenge the execution of sentence while § 2255
is the proper means to challenge the imposition of a sentence.
*Adams v. U.S.*, 372 F.3d 132, 134-35 (2d Cir. 2004).  Just as in
*Adams*, petitioner here is challenging the jurisdiction of the

_____

    [5] Petitioner is, of course, entitled to file an application with the
Second Circuit seeking permission to file a second or successive § 2255
petition pursuant to 28 U.S.C. § 2244(b)(3)(A) in which he refers to the
claims he has raised in his Rule 60(b) motion.

    [6] Though a petition under § 2241 must usually be brought in the
district of confinement, the requirement raises an issue of venue or personal
rather than subject-matter jurisdiction, and thus the government may waive
objection on this ground.  *Rumsfeld v. Padilla*, 542 U.S. 426, (Kennedy, J.,
concurring) ("Because the immediate-custodian and territorial-jurisdiction
rules are like personal jurisdiction or venue rules, objections to the filing
of petitions based on those grounds can be waived by the Government.").  The
government waived its objection.  Gov't Letter, dated Sept. 19, 2007, at 1
(Docket Entry # 22).

court in which the conviction occurred, which is a challenge to the imposition of a sentence, not its execution. *Id.* at 135. As such, petitioner should have sought relief under § 2255.

There is an exception, however. A prisoner may file a motion under § 2241 to test the legality of his detention when § 2255 is an inadequate or ineffective means by which to challenge his detention. *See* 28 U.S.C. § 2255, ¶ 5; *see also Triestman v. U.S.*, 124 F.3d 361, 373 (2d Cir. 2003). In *Triestman*, the Second Circuit held that § 2255 may be inadequate or ineffective in circumstances where a prisoner cannot avail himself of § 2255, and when the failure to obtain collateral review raises serious constitutional questions. *See* 124 F.3d at 377. In *Jiminian v. Nash*, 245 F.3d 144, 147-48 (2d Cir. 2001), the Second Circuit ruled that § 2255 is not inadequate or ineffective simply because the prisoner cannot meet the AEDPA's gate-keeping requirements, so long as the claim the prisoner seeks to raise was previously available to him on direct appeal or in a prior § 2255 petition. Petitioner's application does not raise constitutional questions because he does not allege the conduct for which he was convicted has been held not to constitute an offense and thus he could have raised all his claims in his prior § 2255 petition. *Id.*; *Adams*, 372 F.3d at 135. Thus he cannot now avoid AEDPA's gate-keeping requirements by captioning the petition as one under § 2241.

A district court can treat the § 2241 petition as a second

or successive § 2255 petition and refer the petition to the
Second Circuit or, if it is plain from the petition that the
prisoner cannot demonstrate that a remedy under § 2255 would be
inadequate or ineffective to test the legality of his detention,
the district court may dismiss the § 2241 petition for lack of
jurisdiction.  *Adams*, 372 F.3d at 136 (citing *Jiminian* and *Cephas
v. Nash*, 328 F.3d 98 (2d Cir. 2003)).

Thus, petitioner's § 2241 petition is dismissed.[7]

### Conclusion

For the reasons set forth above, petitioner's motion for
relief under Rule 60(b)(4) is denied and his petition for a writ
of habeas corpus under § 2241 is dismissed.  The Clerk is
directed to transmit a copy of the within to all parties.

SO ORDERED.

Dated :   Brooklyn, New York
          October 4, 2007

By: /s/ Charles P. Sifton (electronically signed)
                United States District Judge

---

[7]  Again, Petitioner is entitled to file an application with the Second
Circuit seeking permission to file a second or successive § 2255 petition.
*See*, footnote 4, *supra*.